UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL QUINTERO,<br><br>Plaintiff,<br><br>v.<br><br>TRISTAIN LEMON, et al.<br><br>Defendants. | No.  1:23-cv-01233-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 11) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's amended complaint, filed September 18, 2023.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B);

1

1    see also 28 U.S.C. § 1915A(b).

2        A complaint must contain "a short and plain statement of the claim showing that the pleader

3    is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

4    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

5    do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,

6    550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally

7    participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

8    2002).

9        Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings

10   liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

11   1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be

12   facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that

13   each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S.

14   Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted

15   unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability"

16   falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

19       The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the

20   screening requirement under 28 U.S.C. § 1915.

21       Plaintiff names Sergeant Oxborrow as the sole Defendant.

22       Defendant Oxborrow confiscated and destroyed property from Plaintiff's cell.  Oxborrow

23   lied on the report in order to conceal the seizure and destruction his property.  No witnesses were

24   interviewed, company invoices were not presented, and property forms were altered.

## III.

## DISCUSSION

### A.    False Reports

28       "False statements, alone, do not violate a prisoner's constitutional rights," Alverto v.

2

Henderling, No. C18-1380 BJR-BAT, 2018 WL 7018718, at *1 (W.D. Wash. Oct. 2, 2018), report and recommendation adopted, 2019 WL 174674 (W.D. Wash. Jan. 11, 2019), nor is the filing of a false rules violation report by a prison official against a prisoner a per se violation of the prisoner's constitutional rights, Muhammad v. Rubia, No. C08-3209 JSW PR, 2010 WL 1260425, at *3 (N.D. Cal. Mar. 29, 2010), aff'd, 453 F. App'x 751 (9th Cir. 2011). This is because "a prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983." Muhammad, 2010 WL 1260425, at *3 (internal citations omitted); Harper v. Costa, 2009 WL 1684599, at *2–3 (E.D. Cal. June 16, 2009) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California ... have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983."), aff'd, 393 F. App'x 488 (9th Cir. 2010).

Plaintiff does not allege that he was denied procedural due process at a disciplinary hearing. False statements or a false rules violation report, alone, do not violate a prisoner's constitutional rights, and thus, Plaintiff cannot "show that the injury to his reputation was inflicted in connection with the deprivation of a federally protected right" or "that the injury to his reputation caused the denial of a federally protected right." Hart, 450 F.3d at 1070.

To the extent Plaintiff claims that false statements and/or false reports caused the denial of his right to be protected from harm, the Court finds that Plaintiff fails to state a cognizable claim for relief.  The Eighth Amendment requires, inter alia, that prison officials "take reasonable measures to guarantee the safety of the inmates" because "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 832, 833 (1994) (internal quotation marks and citations omitted). A prison official violates this duty when two requirements are met. First, objectively viewed, the prison official's act or omission must cause "a substantial risk of serious harm." Farmer, 511 U.S. at 834. Second, the official must be subjectively aware of that risk and act with "deliberate indifference to inmate

health or safety." Id. at 834 (internal quotation marks omitted and citations omitted). In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Deliberate indifference is "something more than mere negligence," but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Id. at 835. A prison official's deliberate indifference may be established through an "inference from circumstantial evidence" or "from the very fact that the risk was obvious." Id. at 842.

Here, Plaintiff has not provided sufficient factual allegations to demonstrate that any false reports caused "a substantial risk of serious harm" and that any Defendant was subjectively aware of that risk and acted with "deliberate indifference to inmate health or safety." Farmer, 511 U.S. at 834. Therefore, Plaintiff fails to state a cognizable claim for relief.

**B.      Confiscation/Destruction Property**

The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects Plaintiff from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and Plaintiff has a protected interest in his personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  Authorized, intentional deprivations of property are actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted).

The Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy.  Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

Plaintiff's claim that his property was confiscated and destroyed by Defendant Oxborrow is based on an unauthorized deprivation, which is not actionable under the Fourteenth Amendment.  Because Plaintiff's claim reflects a random and unauthorized deprivation of

property, it is not cognizable under section 1983.  Plaintiff's property claim may be actionable under state law, but such a claim must be brought in state court rather than in federal court. Indeed, Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the unlawful confiscation of his personal property.  Barnett, 31 F.3d at 816-17 (citing Cal. Gov't Code §§810-895).  Accordingly, Plaintiff has not and cannot state a cognizable due process claim.

### C.    Further Leave to Amend

If the Court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citation omitted). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06.

It appears to the court that further amendment would be futile because Plaintiff's factual allegations do not rise to the level of a constitutional violation even after granting leave to amend. Therefore, the Court finds that this action shall be dismissed without further leave to amend. Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

### IV.

### ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

1          This Findings and Recommendation will be submitted to the United States District Judge

2    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)**

3    **days** after being served with this Findings and Recommendation, Plaintiff may file written

4    objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

5    Findings and Recommendation."  Plaintiff is advised that failure to file objections within the

6    specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834,

7    838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

8

9    IT IS SO ORDERED.

10    Dated:   **October 16, 2023**
                        _____

11                            UNITED STATES MAGISTRATE JUDGE